IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY C. ROSENBERGER,          )
                                 )
    Plaintiff,                   )
                                 )
-vs-                             )    Civil Action No. 17-119
                                 )
NANCY A. BERRYHILL,[1]           )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
    Defendant.                   )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Jeffrey C. Rosenberger ("Rosenberger") brings this action pursuant to 42 U.S.C. § 405(g) for review of the ALJ's decision denying his claim for disability insurance benefits ("DIB")[2] and supplemental social security ("SSI").[3] He alleges a disability beginning on November 8, 2013. (R. 33) Following a hearing before an ALJ, during which time both Rosenberger and a vocational expert ("VE") testified, the ALJ denied his claim. Rosenberger appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [14] and [16].

### Legal Analysis

1. <u>Standard of Review</u>

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Rosenberger has acquired sufficient quarters of coverage to remain insured through September 30, 2016. (R. 34)
[3] Rosenberger filed several prior claims for benefits that were denied at the initial level in June of 2012 and in a hearing decision in November of 2013. (R. 33)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

2

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Analysis</u>

At step one, the ALJ found that Rosenberger had not engaged in substantial gainful activity since November 8, 2013. (R. 36) At step two, the ALJ concluded that Rosenberger has the following severe impairments: partial left lower extremity lateral

3

cutaneous neuropathy, status post hernia surgeries; affective disorders; and anxiety disorders. (R. 36)

At step three, the ALJ concluded that Rosenberger does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered the listings in Section 11.00 (neurological system) and Section 12.00 (mental disorders), but determined that Rosenberger did not satisfy the criteria. (R. 36-40)

Prior to engaging in step four, the ALJ assessed Rosenberger's residual functional capacity ("RFC").[4] The ALJ found Rosenberger able to perform a range of light work, with some restrictions. (R. 40-42)

At step four, the ALJ determined that Rosenberger is capable of performing his past relevant work as a cleaner. (R. 42)[5]

3. Residual Functional Capacity

Rosenberger challenges the ALJ's RFC findings. A claimant's RFC consists of "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001), *quoting, Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). As stated earlier, the assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and

---

[4] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).
[5] In the alternative, the ALJ concluded that if Rosenberger was unable to return to his former employment, he "would be capable of making a successful adjustment to work which exists in significant numbers in the national and regional economies." (R. 43)

4

description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The responsibility for deciding a claimant's RFC rests solely with the ALJ. *Id.* In making an RFC assessment, the "ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." *Noah v. Astrue*, Civ. No. 12-091, 2013 WL 36 4235, at * 2 (W.D. Pa. Jan. 30, 2013), *citing, Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999).

According to Rosenberger, a remand is required because the RFC is not supported by medical opinion evidence. Here, the ALJ did cite to the opinion rendered by the state agency physician, Mary Ellen Wyszomierski, M.D. Rosenberger urges that, at the time Dr. Wyszomierski rendered her opinion, the etiology of the neuropathic leg pain had yet to be established. He cites to case law suggesting that it is erroneous for an ALJ to rely upon a medical opinion where subsequent medical evidence suggests a *later deterioration* in the claimant's condition. *See* ECF Docket No. 15, p. 8.[6] The cases Rosenberger references describe instances where the claimant suffered from decompensation episodes and suicidal ideation, hospitalization and medication adjustments after a state agency physician completed a RFC assessment, s*ee Kroh v. Colvin*, Civ. No. 13-1533, 2014 WL 4384675, at * 21-22 (M.D. Pa. Sept. 4, 2014) or where the state agency RFC was based on medical records in existence before the claimant was diagnosed with congestive heart failure. *See Frankl v. Shalala*, 47 F.3d 935, 937-38 (8th Cir. 1995).

---

[6] Rosenberger does not assert any additional arguments, such as that the ALJ erred in assessing his credibility, or that he erred in assessing his activities of daily living. Rather, he urges only that the RFC is not supported by medical opinion evidence because "[t]he only medical opinion relied upon by the ALJ was that of the state agency review prior to the diagnosis of this impairment." See ECF Docket No. 15, p. 7. For the reasons set forth in this Opinion, I reject this contention.

5

The present situation is not analogous. There is no evidence of a *deterioration* subsequent to the issuance of Dr. Wyszomierski's opinion. Rather, what occurred is the diagnosis – lateral femoral cutaneous neuropathy. (R. 585) Wyszomierski recognized that Rosenberger "alleges limitations due to pain, left groin." (R. 134) She simply stated that "[e]tiology of leg pain does not appear established, not certain if due to prior hernia / repairs." (R. 134) Rosenberger's physician later confirmed that EMG "studies show a left femoral … cutaneous neuropathy." (R. 769) He "[d]iscussed several treatment options including the addition of a Neuromodulator and muscle relaxant as well as a femoral cutaneous nerve block." (R. 769) Nevertheless, the physician did not indicate that the impairment caused any functional limitations. On physical examination, the physician notes Rosenberger displays "5/5 normal muscle strength – Upper Bilateral Extremities and Lower Bilateral Extremities" and "2/2 Normal" reflexes with respect to lower extremities. (R. 768) Bilateral straight leg raise tests are negative. (R. 768) Further, the physician noted that Rosenberger "does not use an assistive device for mobility." (R. 583) Additionally, the physician commented that the "current treatment plan is allowing the patient to adequately function on a daily basis" and to "continue to perform ADLs, improve their level of pain, [and] tolerate the level of pain more effectively." (R. 585) Moreover, the record indicates that Rosenberger wanted to "hold off on injection therapy" and would only consider medications. Previously he had not taken anything other than over the counter anti-inflammatories. The physician started him on medication. (R. 585)

Rosenberger cites to a notation in a medical record dated March 25, 2014 seemingly as evidence that his impairment worsened after Wyszomierski's opinion was

authored. *See* ECF Docket No. 15, p. 9, citing to (R. 583) Yet this amounts to nothing more than medical personnel recording Rosenberger's complaints. Rosenberger urges that "[h]ere, medical evidence supports that Plaintiff's neuropathic pain was exacerbated by movement, exertion, bending, sitting, and standing – all activities required for light work." *See* ECF Docket No. 15, p. 10, citing (R. 583, 767). Significantly, neither Dr. Kulkarni nor Dr. Shipley imposed such restraints. There is no medical opinion contradicting Wyszomierski's. Rosenberger has shown only that the impairment was named after Wyszomierski authored her opinion, not that Wyszomierski was unaware of it. Consequently, after careful consideration, I reject Rosenberger's contention and find no basis for remand.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY C. ROSENBERGER, )
    Plaintiff, )
 )
  -vs- ) Civil Action No. 17-119
 )
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

# **ORDER OF COURT**

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 14) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED.

                                                          BY THE COURT:

                                                          /s/ Donetta W. Ambrose
                                                          Donetta W. Ambrose
                                                          United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.